# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 25-650


## CAJUN CROSSROADS ENERGY CENTER, LLC, ET AL.

## VERSUS

## CALCASIEU PARISH POLICE JURY



\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2024-5278
HONORABLE BOBBY L. HOLMES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## LEDRICKA J. THIERRY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jonathan W. Perry, Ledricka J. Thierry, and Wilbur L. Stiles, Judges.


**REVERSED AND REMANDED.**

**Thomas J. Gayle**
**Gayle Law Firm, LLC**
**713 Kirby Street**
**Lake Charles, LA 70601**
**(337) 494-1220**
**COUNSEL FOR PLAINTIFFS/APPELLEES**
    **Cajun Crossroads Energy Center, LLC, Crescent Coast Energy Center, LLC, and Cedar Holdco, LLC**

**Matthew W. McDade**
**Balch & Bingham, LLP**
**1310 Twenty-Fifth Ave.**
**Gulfport, MS 39507**
**(228) 864-9900**
**COUNSEL FOR PLAINTIFFS/APPELLEES**
    **Cajun Crossroads Energy Center, LLC, Crescent Coast Energy Center, LLC, and Cedar Holdco, LLC**

**Vernon Ed McGuire, III**
**Plauché, Smith & Nieset, LLC**
**P.O. Drawer 1705**
**Lake Charles, LA 70602**
**(337) 436-0522**
**COUNSEL FOR DEFENDANT/APPELLANT**
    **Calcasieu Parish Police Jury**

**THIERRY, Judge.**

This appeal arises out of a zoning dispute regarding a solar farm project in Calcasieu Parish. After the Calcasieu Parish Police Jury denied Plaintiffs' solar farm application, Plaintiffs filed a petition, and later a motion for summary judgment, in the Fourteenth Judicial District Court in Calcasieu Parish. Plaintiffs argued that the Calcasieu Parish Police Jury's denial constituted a non-uniform application of Calcasieu Parish's zoning ordinances, and the trial court agreed and granted Plaintiffs' motion for summary judgment. We reverse the judgment and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

In July 2024, Cajun Crossroads Energy Center, LLC, Crescent Coast Energy Center, LLC, and Cedar Holdco, LLC ("Plaintiffs") filed an Application for Zoning Changes/Amendments, Variances, or Exceptions with the Calcasieu Parish Police Jury ("the Board"), seeking to build and operate a 3,656-acre solar energy facility in Calcasieu Parish on property zoned as A-1 Agricultural.

Plaintiffs' application proposes an approximately $440 million investment, with estimated generation of over $87 million in tax revenue for Calcasieu and Jefferson Davis Parishes. The application sets forth that all project equipment be set back at least 300 feet from residential structures, along with a fifty-foot vegetative buffer consisting of mature pine trees. As required by the Calcasieu Parish Solar Energy Facilities Ordinance ("Solar Ordinance") adopted in 2022, Plaintiffs also prepared and attached several reports to their application, including a community impact assessment that addresses revenues to the parish, employment opportunities, short-term and long-term economic impacts, the impact on adjacent property values

prepared by a third-party, the potential impacts on wildlife and habitats, infrastructure needs, and socioeconomic changes and impacts.

On August 20, 2024, the Board held a public hearing for the application. There was significant opposition to Plaintiffs' application. The Board did not vote on the application at that hearing and instead deferred its decision until November 19, 2024, so that Plaintiffs could address the opposition. On November 19, 2024, the Board voted 3-3 on Plaintiffs' application, with three members in favor and three members against. An additional three members did not vote. Because the application did not receive a majority vote, the request for a zoning exception was denied. Prior to the filing of Plaintiffs' application, the Board had approved every zoning exception requested for solar facilities in A-1 agricultural zoning districts.

On December 18, 2024, Plaintiffs filed a Petition for Writ of Certiorari and Appeal from the Planning and Zoning Board of Calcasieu Parish with the Fourteenth Judicial District Court in Calcasieu Parish. In their petition, Plaintiffs alleged that the Board previously approved several other zoning exceptions for solar farms that were substantially similar to their application. Plaintiffs alleged that the Board's decision must be reversed because the Board failed to (1) uniformly apply the zoning rules, which was arbitrary and capricious; (2) provide appropriate grounds for the denial of their application; and (3) follow its own voting procedures. Finally, Plaintiffs requested that the trial court reverse the zoning decision and grant their application. Thereafter, the Board answered Plaintiffs' petition, denying that it "acted illegally in any manner."

On April 24, 2025, Plaintiffs filed a motion for summary judgment and argued that the Board's denial constituted a non-uniform application of Calcasieu Parish's zoning ordinances. They claimed that the only reasons supporting denial of their

application were the number of objectors and the size of the project, which are not valid justifications for a denial.

On June 11, 2025, the Board filed a Motion to Lodge Administrative Record in the trial court, which included the entire files of Plaintiffs' solar application and of prior solar farm applications.

On June 25, 2025, the Board filed its opposition to Plaintiffs' motion for summary judgment, objecting to much of the evidence attached to Plaintiffs' motion. The motion for summary judgment was heard on July 9, 2025, and the trial court subsequently (1) granted Plaintiffs' motion for summary judgment, and (2) reversed the Calcasieu Parish Planning and Zoning Board's denial of Plaintiffs' Application for Zoning Exception. The Board now appeals.

## ASSIGNMENTS OF ERROR

We will consider two procedural issues—the trial court's lack of a formal issuance of a writ of certiorari and evidentiary concerns under La.Code Civ.P. art. 966—and two substantive issues—whether the trial court erred in finding no genuine issues of material fact and by concluding that the Board's decision was illegal.

## ANALYSIS

The standard of review of a judgment denying or granting a summary judgment is de novo, using the same criteria as the trial court in determining whether summary judgment is appropriate. *Perry v. Rhodes*, 20-109 (La.App. 3 Cir. 9/30/20), 304 So.3d 1036.

"The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action[.]" La.Code Civ.P. art. 966(A)(2). After an opportunity for adequate discovery has occurred, summary judgment must be granted if the motion and supporting documents "show that there is no genuine issue

3

as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). The burden rests on the mover. La.Code Civ.P. art. 966(D)(1). If, however, the mover will not bear the burden of proof at trial, then the mover is not required to negate all essential elements of the adverse party's claim. *Id.* Rather, the mover need only "point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." *Id.* The adverse party, in order to defeat the granting of summary judgment, must either prove the existence of a genuine issue of material fact, or prove that the mover is not entitled to judgment as a matter of law. *Id.*

Our court explained in *Macro Oil Co., Inc. v. City of Breaux Bridge*, 12-932, p. 3 (La.App. 3 Cir. 2/6/13), 109 So.3d 956, 959, that "[a]n appellate court reviews a zoning board's decision directly" and considers whether the decision was arbitrary, capricious, or with prejudicial lack of discretion. "The test of whether a zoning board's action is arbitrary and capricious is whether the action is reasonable under the circumstances." *King v. Caddo Parish Com'n*, 97-1873, p. 14 (La. 10/20/98), 719 So.2d 410, 418. We note that "[t]he actions of a zoning commission will not be disturbed on judicial review unless the court finds that they were plainly and palpably unreasonable, arbitrary, an abuse of discretion, or an unreasonable exercise of police power." *Jenkins v. St. Tammany Par. Police Jury*, 98-2627, p. 6 (La. 7/2/99), 736 So.2d 1287, 1291.

### *Writ of Certiorari*

The Board contends that judicial review of a zoning board decision is not an ordinary proceeding, but rather is governed by a special statutory provision: La.R.S. 33:120.10. The Board argues that the trial court's failure to issue a writ of certiorari, the Plaintiffs' utilization of a motion for summary judgment, and the trial court's

subsequent grant of the motion, were procedurally improper actions that require reversal of the trial court's judgment.

Louisiana Revised Statutes 33:120.10 provides the procedure on appealing a decision by a parish's planning and zoning board, stating in part (emphasis added):

> B. (1) Any person or persons jointly or severally aggrieved by any decision of the planning and zoning board, or any officer, department, board, or bureau of the parish may present to the district court of the parish a petition, duly verified, setting forth that the decision is illegal, in whole or in part, and specifying the grounds of the illegality. The petition shall be presented to the court within thirty days after filing of the decision in the office of the planning and zoning board. **Upon the presentation of such petition, the court may allow a writ of certiorari directed to the planning and zoning board to review the decision of the planning and zoning board** and shall prescribe therein the time within which a return may be made and served upon the relator's attorney, which shall not be less than ten days but which may be extended by the court. The return shall concisely set forth such other facts as may be pertinent and material to show the grounds in the decision appealed from and shall be verified.

The plain language of La.R.S. 33:120.10 does not require a district court to issue a writ of certiorari in a specific form, and therefore we find that a district court's allowance of a writ of certiorari may be implicit. *See also* La.Code Civ.P. art. 854 ("No technical forms of pleadings are required.") The trial court here implicitly granted Plaintiffs' writ of certiorari when it assumed jurisdiction of the matter and considered Plaintiffs' motion for summary judgment.

As to the Board's argument that summary judgment is not available in a zoning decision appeal, we likewise disagree. Although the appeal of a zoning board decision is not an ordinary proceeding, summary judgment is not prohibited. Indeed, the jurisprudence contains several examples of parties using summary judgment to appeal zoning board decisions. *See, e.g.*, *Deal v. Arceneaux*, 15-1973 (La.App. 1 Cir. 10/28/16) (unpublished opinion) (2016 WL 6330408); *Macro Oil*, 109 So.3d 956;

5

*TSC, Inc. v. Bossier Par. Police Jury*, 38,717 (La. App. 2 Cir. 7/14/04), 878 So.2d 880, *writ denied*, 04-2317 (La. 11/19/04), 888 So.2d 203.

This assignment of error is without merit.

***Competent Summary Judgment Evidence***

The Board's second alleged error concerns the trial court's admittance and reliance upon certain exhibits attached to Plaintiffs' motion for summary judgment, which the Board contends failed to comply with the evidentiary requirements of La.Code Civ.P. art. 966. We review a trial court's ruling on objections to documents filed in support of a motion for summary judgment under the abuse of discretion standard. *Pollock v. MDA Consultants, L.L.C.*, 22-540 (La.App. 3 Cir. 2/1/23), 362 So.3d 929, *writ denied*, 23-551 (La. 6/7/23), 361 So.3d 976.

Under La.Code Civ.P. art. 966(A)(4)(a), only certain documents may be filed or referenced in support of or in opposition to a motion for summary judgment. Those documents include: "pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, certified copies of public documents or public records, certified copies of insurance policies, authentic acts, private acts duly acknowledged, promissory notes and assignments thereof, written stipulations, and admissions." *Id.* Under La.Code Civ.P. art. 966(A)(4)(b), reference to the documents in La.Code Civ.P. art. 966(A)(4)(a) that are "previously filed into the record" may be considered on a motion for summary judgment. Furthermore, "[t]he court shall consider only those documents filed or referenced in support of or in opposition to the motion for summary judgment but shall not consider any document that is excluded pursuant to a timely filed objection." La.Code Civ.P. art. 966(D)(2). Additionally, La.Code Civ.P. art. 967 provides rules for affidavits, stating in part

that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."

The first objected-to exhibit is an attachment to Forrest Forster's affidavit entitled Cedar Holdco's Application (Exhibit A-1). The Board objected to Exhibit A-1 based on a labeling issue, claiming that Exhibit A-1 was misidentified as Cedar Holdco's Application. This exhibit does not contain the Calcasieu Parish Police Jury's standard form application, but rather contains all the documents and information required to be attached to the standard form application.

Mr. Forster states in his affidavit that he is a senior vice president for Aypa Power Development, LLC, an affiliate of Plaintiffs, and that his affidavit is based on his personal knowledge or "upon knowledge obtained from documents maintained by Plaintiffs . . . in their regular course of business." He attests to several specific facts associated with Cedar Holdco's Application. Regardless of the semantics of the name of the exhibit, we find that Forrest Forster's affidavit, including Exhibit A-1 attached to his affidavit, meets the requirements of La.Code Civ.P. arts. 966 and 967 and was properly admitted and considered in support of Plaintiffs' motion for summary judgment.

The remaining objected-to exhibits include several prior applications for solar projects in Calcasieu Parish, all of which were approved for zoning exceptions by the Board. Specifically, these objected-to exhibits include 2018 Applications (Exhibit B), 2021 Avangrid Application (Exhibit C), and 2023 Application (Exhibit E). The record shows that these applications were not sworn to or authenticated at the time Plaintiffs filed their motion for summary judgment on April 24, 2025. However, these documents were subsequently authenticated, certified by the Board through the custodian of records for Calcasieu Parish, Wesley Crain, and filed into

7

the trial court record on June 11, 2025. The Board filed its opposition to the motion for summary judgment on June 25, 2025, and the hearing was held on July 9, 2025.

Plaintiffs argue that the Board should not benefit from its own failure to timely lodge the administrative record as required by La.R.S. 49:978.1(D). In accordance with that statute, the Board was required to lodge the administrative record within thirty days after service of Plaintiffs' petition but did not do so until months later. Plaintiffs also point out that the administrative record was in the Board's possession, and thus the Board was not prejudiced.

The Board argues that since those exhibits were not a part of the formal record until after Plaintiffs filed their motion for summary judgment, the exhibits could not be considered by the court under the plain language of La.Code Civ.P. art. 966.

Louisiana Code of Civil Procedure Article 966(A)(4)(b) provides:

> Any document listed in Subsubparagraph (a) of this Subparagraph previously filed into the record of the cause may be specifically referenced and considered in support of or in opposition to a motion for summary judgment by listing with the motion or opposition the document by title and date of filing. The party shall concurrently with the filing of the motion or opposition furnish to the court and the opposing party a copy of the entire document with the pertinent part designated and the filing information.

We agree with the Board's interpretation of this provision. When the party seeking summary judgment wishes to rely on documents in the record, the plain language of the article contemplates that such documents are previously filed into the record before the filing of the motion for summary judgment. La.Code Civ.P. art. 5053 ("Words and phrases are to be read in their context, and are to be construed according to the common and approved usage of the language employed."). Plaintiffs filed their motion for summary judgment on April 24, 2025, and the objected-to exhibits did not become a part of the record until June 11, 2025.

8

Accordingly, those exhibits—Exhibits B, C, and E—should not have been considered by the trial court, and it was an abuse of discretion for the trial court to overrule the Board's timely objection to those exhibits.

### *The Reasonableness of the Board's Denial*

The Board's final two assignments of error concern the substance of the trial court's ruling. The Board claims that the court erred by granting Plaintiffs' motion for summary judgment and finding that the Board acted illegally when it denied Plaintiffs' zoning application. We agree.

Plaintiffs, as the party opposing a zoning board's decision, bear the burden of proving that there is no genuine issue of material fact "that the decision was arbitrary, capricious and unreasonable." *Freeman v. Kenner Bd. of Zoning Adjustments*, 09-1060, p. 8 (La.App. 5 Cir. 4/27/10), 40 So.3d 207, 212. The Louisiana Supreme Court has further explained this burden:

> The terms "arbitrary and capricious" mean willful and unreasoning action, absent consideration and in disregard of the facts and circumstances of the case. However, when there is room for two opinions, an action is not arbitrary or capricious when exercised honestly and upon due consideration, even though it may be believed an erroneous conclusion has been reached.
>
> Generally, the action of a governmental body is arbitrary and capricious and unreasonable if it bears no relation to the health, safety, or general welfare of the public.

*Toups v. City of Shreveport*, 10-1559, pp. 3–4 (La. 3/15/11), 60 So.3d 1215, 1217–18 (internal citations omitted).

This burden is a heavy one. *Shaw v. Jefferson Parish*, 15-453 (La.App. 5 Cir. 2/24/16), 186 So.3d 1181. Zoning is a legislative role, and "[t]he authority to enact zoning regulations flows from the police power of the various governmental bodies." *Palermo Land Co., Inc. v. Planning Comm'n of Calcasieu Par.*, 561 So.2d 482, 491

(La. 1990). Because zoning is a legislative function, "courts will not interfere with their prerogative unless their action is palpably erroneous and without any substantial relation to the public health, safety or general welfare." *King v. Caddo Par. Comm'n*, 97-1873, p. 14 (La. 10/20/98), 719 So. 2d 410, 418.

The present appeal presents a unique situation. Ideally, an appellate court considers the same record used by the governing body in its decision to deny or accept a zoning application. As many courts have held, an appellate court does not consider whether the lower court was manifestly erroneous in its findings, but rather considers the reasonableness of a board or council's decision to deny the zoning application. *Shaw v. Jefferson Parish*, 15-453 (La.App. 5 Cir. 2/24/16), 186 So.3d 1181. However, because (1) the Board did not timely lodge the administrative record, and (2) Plaintiffs utilized summary judgment prior to the lodging of the administrative record, rather than the process set forth in La.R.S. 33:120.10, we have a limited record on appeal. In other words, we are tasked to consider the reasonableness of the Board's decision within the evidentiary restrictions of La.Code Civ.P. art. 966 *et seq.*, and are limited to a record that is substantially reduced compared to the record used by the Board when it denied Plaintiffs' application.

As certified by Calcasieu Parish's Custodian of Records, Wesley Crain, the records available to the Board on November 19, 2024, included the entire files of not only Plaintiffs' application, but also the entire files of the five previous applications for solar energy projects. Conversely, the only evidence properly admitted in support of the summary judgment includes Forster's affidavit, Plaintiffs' application, the Solar Ordinance, and the November 19, 2024 minutes. The Board's opposition includes the affidavit of Wesley Crain, the Director of Planning and Development for Calcasieu Parish, and the attachments thereto.

10

The basis of Plaintiffs' motion for summary judgment and the trial court's subsequent grant of that motion is that the Board's denial constituted a non-uniform application of Calcasieu Parish's zoning ordinances. A denial of a zoning exception may constitute a non-uniform application that is arbitrary and capricious when exceptions "are granted in similar situations and refused in others." *King*, 719 So.2d at 419; *see also Macro Oil*, 109 So.3d 956. Plaintiffs, as both the mover and party bearing the burden of proof, "must support [their] motion for summary judgment with credible evidence that would entitle [them] to a directed verdict if not controverted at trial." *Jeandron v. Cenac*, 22-1158, p. 5 (La.App. 1 Cir. 4/14/23), 365 So.3d 851, 856. The supporting evidence "must prove the essential facts necessary to carry the mover's burden." *Id.*

While Plaintiffs' motion and supporting documents show that its application promised great financial benefits to the community and complied with, and even exceeded, the requirements of the Solar Ordinance, such does not exemplify how the Board treated Plaintiffs differently from prior solar applicants. Similarly, although it is undisputed that the Board previously approved five requests for solar energy projects in Calcasieu Parish in A-1 agricultural zoning districts, our record does not contain admissible evidence of the previously approved applications. Therefore, we cannot evaluate whether Plaintiffs' application is similar to the other five applications so as to trigger an analysis of whether the Board performed a non-uniform application of Calcasieu Parish's zoning ordinances. Likewise, the November 19, 2024 minutes do not prove that the Board acted unreasonable in its denial of Plaintiffs' application or treated Plaintiffs in a non-uniform manner. Rather, the minutes reveal that several individuals spoke both in favor of and in

11

opposition to Plaintiffs' application, with those opposed citing concerns of diminished property values, effects on wildlife, and lack of permanent jobs.

In order to prove non-uniform application by the Board, Plaintiffs must, at the very least, introduce admissible evidence of a similar application that was treated differently by the Board. Plaintiffs did not do so, and thus, Plaintiffs cannot meet their burden of proving non-uniform application that was arbitrary and capricious. The trial court erred in granting its summary judgment and reversing the Board's denial of Plaintiffs' application.[1]

## DECREE

For the foregoing reasons, we reverse the trial court's grant of Plaintiffs' motion for summary judgment, reinstate the Calcasieu Parish Planning and Zoning Board's denial of Plaintiffs' Application for Zoning Exception, and remand for further proceedings. Costs of this appeal are assessed to Plaintiffs/Appellants, Cajun Crossroads Energy Center, LLC, Crescent Coast Energy Center, LLC, and Cedar Holdco, LLC.

**REVERSED AND REMANDED.**

---

[1] Because Plaintiffs did not meet their initial burden of proof in the motion for summary judgment, we need not discuss the Board's opposition and supporting documents. *See, e.g.*, *Jeandron v. Cenac*, 22-1158 (La.App. 1 Cir. 4/14/23), 365 So.3d 851.